*218 CHIEF JUSTICE GRAY,
specially concurring.
¶19 I concur in the result the Court reaches here. However, I would limit the discussion to the issue raised and argued by the parties.
¶20 The overarching issue is whether Campanella is entitled to toll the one-year statute of limitations set forth in § 39-2-911(1), MCA, of the WDEA pursuant to the tolling provision contained in § 39-2-911(2), MCA. The tolling provision is available when a discharged employee must exhaust an employer’s “written internal procedures” for appealing the discharge. I agree with the Court that Campanella is not entitled to the tolling provision.
¶21 The subissue, however, is whether § 2-18-1001, MCA-a statutory personnel grievance procedure enacted by the Legislature for MDT employees-is a “written internal procedure” for purposes of the tolling provision in § 39-2-911(2), MCA. Campanella insists that it is. The Court concludes it is not, and I agree. However, I would reach that result by concluding-simply and cleanly-that the statutory process involving the BOPA, a separate entity not within the MDT, is not, by its terms, a written procedure internal to MDT, the employer.
¶22 Thus, I join in the result the Court reaches, which is to affirm the District Court, but not in the entirety of its discussion.